## 10150

### GILLIAM v. BLACK.

#### (98 S. E. 197.)

1. APPEAL AND ERROR—INVITED ERROR.—Party cannot complain that presiding Judge separated equitable and legal issues and restricted evidence before jury, where Judge did so upon his suggestion and with his consent.

2. TRIAL—EQUITABLE ISSUES—SUBMISSION TO JURY.—Where legal and equitable issues in case were separable, there was no error in not allowing jury to pass upon testimony going to prove equitable defense.

Before MOORE, J., Barnwell, Spring term, 1918. Affirmed.

Action by T. J. Gilliam against W. Riley Black. Judgment for plaintiff, and defendant appeals.

*Messrs. G. M. Greene* and *C. C. Simms,* for appellant, submit: *That where a limited acreage is mentioned in a deed, according to the lines and boundaries, even though the words "more or less" may be put in the deed, that if the boundaries are well known to the parties and the agreement was as to the conveyance of the lands within those boundaries, that the number of acres will be controlled by these boundaries, even though a survey should show a less number of acres:* 1st Harper 293; 1st McCord 421. *Gilliam deceived defendant as to his purpose in having the words*

*"more or less"* put in the deed, and defendant should not be bound by them: 6 R. C. L., subject, Contracts, pp. 625, 626, 627, 629, 630 and 631. *Plaintiff is estopped by voluntary payment of purchase money with full notice of facts:* 94 Am. St. Reports 395; 125 Am. St. Reports 185; 63 S. C. 138.

*Messrs. Jas. E. Davis* and *J. O. Patterson, Jr.,* for respondent. *Mr. Davis* submits: *The appellants did not ask the Court to withdraw the case from the jury, nor did the Court do so, but followed the suggestion of appellant's counsel and proceeded to try the issue made by the equitable plea set out in the answer, and the appellant having lost his case cannot now be allowed to complain of irregularities which were of his own seeking and at his own request:* 108 S. C., 392; 95 S. E., pp. 64, 76. *Appellant was not entitled to a trial by jury:* 33 S. C. 28. *The proof of deception or fraud must be established by the party who sets it up and the proof of deception, fraud or any other wrong by one party or the other must be established by the party who sets it up and all of the exceptions which challenge the Judge's decision on the question of mistake will be sustained only where it appears that the defendant has proven the defense by a clear preponderance of the testimony; and some of the authorities hold that it must be proven beyond a reasonable doubt:* 54 N. J. Eq. 387; 55 A. M. St. Rep. ——. *The appellant is estopped from insisting upon his right to have the jury pass upon his exceptions, which involve testimony offered to prove his equitable defense, and even if his exceptions on that point state the law correctly, he expressly waived it and asked the Judge to let him adopt another method in trying his case, and, now, having lost, it does not lie in his mouth to come back and ask this Court to give him an advantage that he knew or should have known he already had (if he had such an advantage). This would encourage litigants to speculate upon the trial of any case. Appellant was not entitled to a jury trial under the pleadings:* 33 S. C. 28; 54 N. J. Eq. 387.

5—112

February 4, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action to recover on a general warrant contained in a deed from defendant to the plaintiff after issues joined. The case was tried before Judge Moore, and a jury, and resulted in a verdict in favor of the plaintiff for the sum of $274.35. After entry of judgment, defendant appeals.

At the opening of the trial Judge Moore construed the pleadings to contain separable legal and equitable issues, and, would only submit to the jury such evidence deemed by him to be responsive to the legal issue, and in construing the first deed merged in the second deed to be one granting a specific number of acres and that the defendant would be liable for damages for any deficiency in said acreage. The exceptions summarized impute error to the presiding Judge in separating the issues and restricting the evidence before jury and in his rulings in these particulars.

After all of the evidence was in, the equitable issues were fully inquired into by his Honor, who decided the same, and then submitted the legal issues to the jury.

The exceptions cannot be sustained that insist that the jury should have been allowed to pass upon the testimony going to prove an equitable defense. Appellant did not ask his Honor to withdraw the case from the jury. Neither did the Court do so. But appellant's counsel suggested to the Court "that the only question is trying the equitable issue before your Honor," and in reply this the Court said, "You gentlemen agree to that?" and the reply of appellant's counsel was, "Yes, sir; we agree to that." Thereupon the Court, in accordance with this suggestion and agreement of appellant's counsel, proceeded to try the question of mistake set out in the answer. The jury retired and this defense was fully entered into. The appellant cannot be heard to complain in this particular. Neither was there any error on the part of his Honor in his construction of the

deed (second one) in question. It was the deed that both plaintiff and defendant by mutual agreement entered into after execution and delivery of first deed between the parties and was to govern the transaction between them.

After delivery of second deed plaintiff was ousted of part of the land embraced thereon under a title containing a general warrant by a paramount outstanding title in another. As to the finding by his Honor of the equitable issues in the case, the appellant has failed to convince us that it is not sustained by a clear preponderance of the evidence in the case. The evidence shows that the plaintiff was to get the lands described in the plat. The deeds were the same, except the second deed gave the plaintiff the land within the plat. The evidence fails to show fraud or mutual mistake. The defendant knew, or should have known, what he was doing when he executed the deed.

We fail to see any errors in the trial in the Circuit Court, and all exceptions are overruled, and judgment affirmed.